UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ZAKEENAH SMITH,                                                    **MEMORANDUM OF LAW**

                        Plaintiff,

                                                                     Civil Action No. 1:18-CV-00776-PAE

   -against-

THE NEW YORK AND PRESBYTERIAN HOSPITAL,
COLUMBIA UNIVERSITY MEDICAL CENTER,
NEW YORK PRESBYTERIAN FOUNDATION, INC.,
NEW YORK PRESBYTERIAN GLOBAL, INC,
NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM, INC.,
GREGORY SICA, individually, and SAMANTHA SHANKAR, individually

                        Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REQUEST FOR AN EXTENSION TO FILE NOTICE OF APPEAL**

I. **STANDARD FOR EXTENDING THE DEADLINE TO APPEAL**

Federal Rule of Appellate Procedure 4(a)(1)(A) provides that "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, Federal Rule of Appellate Procedure 4(a)(5)(A) states "[t]he district court may extend time to file a notice of appeal if: (i) a party moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."

On February 18, 2020, the Court Granted Defendants' motion for summary judgment dismissing with prejudice Plaintiff's Title VII and New York State Human Rights Law Claims. (See dkt #85). On February 19, 2020, the Clerk of Court entered Judgment on the matter and closed the case, issuing a letter to Plaintiff stating, "[i]f you are unable to file your notice of appeal within [30 days], you may make a motion for extension of time but you must do so within 60 days from the date of entry of the judgment . . . and you must show excusable or good cause for your inability to file the notice of appeal by the deadline." (See dkt #86). The thirty (30) days expired on March 20, 2020. Plaintiff is filing this motion just eleven (11) days thereafter, well within sixty (60) days of the Clerk's February 19, 2020 Entry of Judgment and thus satisfies Rule4(a)(5)(A)(i).

II. **PLAINTIFF HAS DEMONSTRATED EXCUSABLE NEGLECT IN SEEKING AN EXTENSION TO FILE A NOTICE OF APPEAL UNDER RULE 4(a)(5)(A)(ii)**

Courts analyze excusable neglect under Rule 4(a)(5)(A)(ii) by the following elements:

> (1) potential prejudice to the non-moving party, (2) the length of the delay and the resulting impact on judicial proceedings, (3) the reason for the delay, including the extent to which it was within

the control of the moving party, and (4) whether the moving party acted in good faith. *Myers v. New York City Human Rights Comm'n*, 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006)(citing *Silivanch v. Celebrity Cruises, Inc*. 333 F.3d 355, 366 (2d. Cir. 2003)."

The first, second and fourth factors undoubtedly favor Plaintiff. See *Myers v. New York Cty. Human Rights Comm'n*, No. 04 CIV. 00543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006). Regarding factors (1) and (2), the Court in *Myers* noted that "[s]ince the delay is [less than thirty days and] necessarily brief, the likelihood of prejudice to the non-moving party [and impact on the judicial proceedings] is minimal." Id. at *2; *See also Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, 2010 WL 479658, at *2 (S.D.N.Y. Feb. 5, 2010). For factor (4), "it is rare that the moving party has not acted in good faith." *Id*.

Regarding factor (3), Plaintiff's delay is excusable due to the unforeseen circumstances caused by the COVID-19 outbreak in New York. In late February 2020, one of our employees began exhibiting COVID-19 symptoms. This employee resides in Westchester County, the location of the initial outbreak with the first known COVID-19 carrier. Around one (1) week later, in early March 2020, a second employee exhibited COVID-19 symptoms amongst those being pneumonia. The firm's immediate and undivided attention was on the health and safety of our employees and clients, as this was paramount in dealing with the COVID-19 emergency. Therefore, in early March 2020, we closed our offices and began the difficult logistical transition of working entirely remotely while also diligently monitoring the health of our staff. Such actions affected our time and attention to each of our clients in handling this unprecedented and escalating emergency. Consequently, this unanticipated emergency hindered our ability to timely file. Thus, factor three (3) also weighs in favor of Plaintiff.

Overall, Plaintiff has met all elements for the Court to grant Plaintiff's motion for an extension to file a notice of appeal.

## CONCLUSION

In light of the ongoing health emergency, we respectfully request that Plaintiff be afforded forty-five (45) days to file a Notice of Appeal from the date of this Court's Order regarding this matter.

We thank the Court for its consideration and understanding given the unforeseen extent of this pandemic.

Dated:  March 31, 2020
New York, New York

                                                      DEREK SMITH LAW GROUP, PLLC

                                                      *Attorneys for Plaintiff*

                                                        /s/ Johnmack Cohen
                                                     Johnmack Cohen, Esq.
                                                     One Pennsylvania Plaza, Suite 4905
                                                     New York, New York 10119
                                                      (212) 587-0760

In light of the dislocation of plaintiff's counsel's law practice occasioned by the current public health crisis, the Court grants plaintiff's motion for an extension, *nunc pro tunc*, of time to file a notice of appeal, as anticipated by the judgment issued by the Clerk's Office.  Plaintiff must file any such notice within 45 days.  The Court wishes counsel and their families well during this challenging time.

      SO ORDERED.

                              _____
                               PAUL A. ENGELMAYER
                               United States District Judge

 April 3, 2020